**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANNY JEROME YOUNG, | ) NO. CV 20-8304-CJC(E) |
| Petitioner, | ) |
| v. | ) ORDER OF DISMISSAL |
| DANIEL E. CUEVA, Warden (A), | ) |
| Respondent. | ) |

**BACKGROUND**

On September 9, 2020, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody." The Petition seeks to challenge a 1982 Los Angeles criminal judgment. Petitioner previously challenged this same state court judgment in a prior federal habeas petition filed in this Court. See Young v. Evans, CV 05-0442-ABC(Mc). On October 19, 2005, this Court entered Judgment in Young v. Evans, CV 05-0442-ABC(Mc), dismissing the prior petition as untimely.

///
///

**DISCUSSION**

Section 2244(b) of Title 28, United States Code, requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing "second or successive" petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.) (en banc), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008).

The present Petition is second or successive. See McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009) ("dismissal of a section 2254 habeas petition for failure to comply with the statute of limitations renders subsequent petitions second or successive for purposes of the AEDPA, 28 U.S.C. § 2244(b)") (footnote omitted); see also Youngblood v. Superior Court of Butte Co., 610 Fed. App'x 664 (9th Cir.), cert. dism'd, 136 S. Ct. 546 (2015) (contention that petition was not second or successive because prior petition was dismissed as untimely "foreclosed" by McNabb v. Yates; quoting Hart v. Massanari, 266 F.3d 1155, 1171 (9th Cir. 2001) ("Once a panel resolves

an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court.")).

Petitioner may argue that the exception contained in section 2244(b)(2)(B)[1] applies in the present circumstances.[2] However, under section 2244(b)(3)(A), a petitioner seeking to file a "second or successive" petition must first obtain authorization <u>from the Court of Appeals</u>. See <u>Woods v. Carey</u>, 525 F.3d 886, 888 (9th Cir. 2008) ("Even if a petitioner can demonstrate that he qualifies for one of [the] exceptions [contained in section 2244(B)(2)], he must seek authorization from the court of appeals before filing his new petition with the district court.") (citation omitted); <u>Ramirez v. Figueroa</u>, 2016 WL 1296363, at *3 (C.D. Cal. Apr. 1, 2016) ("Petitioner must seek the Ninth Circuit's authorization to file a successive petition even if he can demonstrate that he qualifies for one of the exceptions to AEDPA's bar on successive petitions.") (citation omitted); <u>Chaney v. Dickerson</u>, 2011 WL 781658, at *3 (C.D. Cal. Feb. 25, 2011) ("It is the Ninth Circuit's responsibility, not this Court's, to determine that the requirements of § 2244(b)(2)(B) have been met by filing a proper

---

[1] Section 2244(b)(2)(B) provides that a claim presented in a second or successive habeas corpus application that was not presented in a prior application shall be dismissed unless: "(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and [¶] (ii) the facts underlying the claim, if proven, and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense."

[2] In <u>Young v. Barretto</u>, CV 16-1519-E, Petitioner so argued in an unsuccessful attempt to persuade this Court to adjudicate a prior second or successive petition.

2

request with the Ninth Circuit for leave to file a successive petition.") (citations omitted). Petitioner evidently has not yet obtained the Ninth Circuit's authorization to file a "second or successive" petition.[3] Consequently, this Court cannot entertain the present Petition. See Burton v. Stewart, 549 U.S. at 157.

**ORDER**

For all the foregoing reasons, the Petition is denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: September 15, 2020.

                              CORMAC J. CARNEY
                         UNITED STATES DISTRICT JUDGE

Presented this 11th day
of September, 2020, by:

          /s/
    CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[3] The Court takes judicial notice of the docket of the United States Court of Appeals for the Ninth Circuit, available on the PACER database. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records). The Ninth Circuit's docket does not show that any individual named Danny Young has obtained any order from the Ninth Circuit permitting the filing of a second or successive habeas petition in this Court.

3